AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| United States of America | ) | **FILED**<br><br>May 22 2026<br><br>Mark B. Busby<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>SAN JOSE |
| v. | ) | |
| Cristian Zamudio-Pulido | ) | Case No. **CR 26-70745-MAG** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ March 10, 2026 _____ in the county of _____ Santa Clara _____ in the _____ Northern _____ District of _____ California _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Ammunition |

This criminal complaint is based on these facts:

See affidavit of ATF TFO Timothy Crowley, attached and incorporated.

☑ Continued on the attached sheet.

_/s/ Timothy Crowley/SvK w/permission_
*Complainant's signature*

Approved as to form: *s/ Michael G. Pitman*
                   AUSA Michael G. Pitman

Timothy Crowley, ATF TFO
*Printed name and title*

Sworn to before me by telephone.

Date: _May 22, 2026_

*Judge's signature*

City and state: _San Jose, CA_

Hon. Susan van Keulen, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Timothy Crowley, Task Force Officer ("TFO") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), being duly sworn, state:

## INTRODUCTION AND AGENT BACKGROUND

1. This affidavit is submitted in support of a request for the issuance of a criminal complaint and arrest warrant against Cristian Zamudio-Pulido (who is also known as Cristian Jesus Zamudio-Pulido, Christian J. Zamudio-Pulido, and Christian Zamudio-Pulido, and who will be referred to as ZAMUDIO-PULIDO throughout this affidavit), for a violation of 18 U.S.C. § 922(g)(1) (Felon in Possession of Ammunition).

2. The facts set forth in this affidavit are based upon my personal observations; my training and experience; evidence obtained during the course of this investigation; and information obtained from various law enforcement personnel and witnesses.  Because this affidavit is submitted for the purpose of simply establishing that there is sufficient probable cause for the requested complaint and arrest warrant, I have not included each and every fact known to me in this case.

3. I am a deputized TFO with the ATF, and have been since March 14, 2024.  As a TFO, I am authorized to investigate violations of the United States federal laws and to execute warrants issued under the authority of the United States.  I am currently assigned to the ATF San Jose Field Office, where my responsibilities include the investigation of a variety of firearms related offenses.

4. Additionally, I have been employed as a Criminal Investigator II with the Santa Clara County District Attorney's Office since October of 2015.  I was assigned to the Insurance Fraud Unit from 2015 through 2018.  As an insurance fraud investigator, I wrote and served search warrants for businesses, residences, cell phones, computers, and a variety of electronic records.  From January of 2019 to December 2021, I was assigned to the Witness Relocation Program.  Since January of 2022, I have been assigned to the Crime Strategies Unit Gun

1

Violence Task Force where I investigate a variety of firearms related offenses.

5.      Prior to becoming a Criminal Investigator, I was employed by the Santa Clara County Sheriff's Office.  I attended the basic police academy at the South Bay Regional Public Safety Training Center in 2002, and completed an 80-hour POST Institute of Criminal Investigation course in 2010.  I was employed as a Deputy Sheriff for the Santa Clara County Sheriff's Office beginning in December of 2002.  In January of 2010, I was promoted to the rank of detective and assigned as a Task Force Agent with the Rapid Enforcement Allied Computer Team ("REACT"), which is a task force of investigators specializing in the investigation of high technology related crimes and identity theft.  During my 4-year assignment as a REACT Task Force Agent I investigated over one hundred cases of burglary, robbery, identity theft, and fraud. I wrote search warrants for bank and credit card records, cell phone records, IP address account information, as well as for suspect residences, vehicles, cell phones, and computers.

6.      I have received specific training related to gun laws and investigated various firearms related offenses, and have investigated approximately 100 cases related to the illegal possession of firearms and/or ammunition by prohibited persons.  As a result of my training and experience, I am familiar with the mechanical operation of firearms, as well as laws related to possessing firearms and ammunition, openly carrying firearms, possessing personally made firearms and precursor parts, firearms sales and manufacturing, prohibited weapons, and prohibited persons.

## STATEMENT OF PROBABLE CAUSE

7.      On March 11, 2026, at approximately noon, officers with the Santa Clara Police Department saw ZAMUDIO-PULIDO leaving an apartment complex in San Jose, California, in the company of two women, both of whom were later identified.  These women's full names are known to me, but they will be referred to as Person-1 and Person-2 throughout this affidavit.  At the time, the officers were aware that ZAMUDIO-PULIDO was under Post Release Community Supervision ("PRCS"), and was subject to a mandatory search condition requiring him to submit

to warrantless search of his person, place of residence, or any property under his control, by any law enforcement officer at any time, and also that there was an outstanding arrest warrant for ZAMUDIO-PULIDO for violations of his terms of PRCS.

8.    Officers watched as ZAMUDIO-PULIDO got into one vehicle and drove away from the apartment complex, and Person-1 and Person-2 got into another vehicle and also drove away.  Both vehicles drove less than a mile before pulling into a gas station and parking. ZAMUDIO-PULIDO and Person-1 entered the convenience store attached to the gas station, and officers arrested ZAMUDIO-PULIDO in the gas station.  When he was arrested, ZAMUDIO-PULIDO was wearing light colored pants, a black shirt, a black baseball hat with a round sticker on the bill, and black and white sneakers.

9.    Officers returned to the apartment complex and determined that ZAMUDIO-PULIDO had been staying in an apartment which was rented via Airbnb.  Detectives spoke to the owner of the apartment, and he confirmed that he had rented the apartment via Airbnb to an individual whose Airbnb username was "Rodrigo Nino."  Officers determined that the Airbnb profile for "Rodrigo Nino" featured a profile photo of an individual that appeared to be ZAMUDIO-PULIDO.  The owner stated that the renter had rented the apartment from March 4, 2026, through March 6, 2026, and then from March 10, 2026, through March 13, 2026.  The owner confirmed that the renter had checked-in to the apartment on March 10, 2026, at approximately 9:30 pm, and provided a video recording of the renter arriving to officers.  The video is brief and grainy, and shows an adult male wearing light-colored pants, a black shirt, a black colored baseball hat with a round sticker on the bill, and black and white sneakers walking towards the apartment with what appears to be a dark colored, cross body bag, strapped to his body.  The clothing worn by the adult male in the video appears to be the same or substantially similar to the clothing worn by ZAMUDIO-PULIDO at the time of his arrest.

10.    Officers conducted a search of the Airbnb apartment.  Inside the apartment, officers located a red and silver pistol with a polymer frame, which was loaded with 12 rounds of 9mm ammunition.  Detectives also recovered a second magazine containing 10 rounds of 9mm

3

ammunition.  These items were found inside a black cross body bag, which was found on the kitchen table.

11.     ZAMUDIO-PULIDO was arrested for various offenses, including possession of the firearm, ammunition, and drugs recovered from the Airbnb apartment.  He was subsequently housed as an inmate in the custody of the Elmwood Correctional Facility in Milpitas, California (herein, "the jail"), and was assigned a specific PIN number to use when making recorded phone calls from the jail.  I reviewed recordings of calls made from the jail's phone system using the PIN number assigned to ZAMUDIO-PULIDO, including the following:

a.  A call placed on April 4, 2026, at approximately 4:14 pm, to a phone number associated with Person-1.  This call had two participants - a man and a woman.  During the call, the woman addresses the man as "Chris," and the man addresses the woman using Person-1's first name.  Based on my training and experience, and my familiarity with the facts of this case, I believe that this is a recorded conversation between ZAMUDIO-PULIDO and Person-1.  During the call, the man says, "I'm going to tell you about the charges I have right now." Approximately 80 second later, the man begins to list criminal charges, including charges relating to firearms and ammunition, at which point the woman interrupts him, and they have the following exchange:

> Woman: "Hey but those ones, anything with the firearm or whatever, they can't put that on you Chris because the thing was not with you."
> Man: "Yea, [Person-1's first name] you don't understand."
> Woman: "No seriously Chris, don't let them put…they can not do that…hell no, because it was not on you when they arrested you."
> Man: "Yea but…anything…they went to the Airbnb, my picture was on the Airbnb."

b.  A call placed on April 29, 2026, at approximately 7:00 pm, to a phone number associated with Person-1.  This call had two participants - a man and a woman.

4

During the call, the woman addresses the man as "Chris," and the man addresses the woman using Person-1's first name.  Based on my training and experience, and my familiarity with the facts of this case, I believe that this is a recorded conversation between ZAMUDIO-PULIDO and Person-1.  During the call, the man says, "the charges I got right now are over a year," and the woman says, "what are your charges?"  The man responds, "…just for this shit, I hella fucked up…I know it's stupid…I hella fucked up…I should have known better too."  The man then begins to list criminal charges, including charges relating to firearms and ammunition, and says "possession of a substance armed with a fire gun [sic], that gives you hella time too."  The two then have the following exchange:

Woman: "But they can't, they can't get you for those Chris."

Man: "Yeah they can."

Woman: "They can't because it wasn't on you."

Man: "[Person-1's first name], my fucking fingerprints are on it."

Woman: "Oh."

Man: "They're on it.  The Airbnb it had my picture on the fucking thing."

12.    I have reviewed criminal history documents for ZAMUDIO-PULIDO and learned that ZAMUDIO-PULIDO has previously been convicted of the following felony crimes punishable by a term of imprisonment exceeding one year, each in the Superior Court for the State of California, County of Contra Costa:

a.    On or about June 30, 2017, Take Vehicle without Owner Consent/Theft in violation of California Vehicle Code § 10851(a), and Domestic Violence in violation of California Penal Code § 273.5(a), Case No. 01-181837-6;

b.    On or about April 24, 2018, Take Vehicle without Owner Consent/Theft in violation of California Vehicle Code § 10851(a), Case No. 05-180370-9;

c.    On or about January 21, 2021, three counts of Burglary in violation of California Penal Code § 460(b), Case No. 05-200458-8;

d.  On or about January 21, 2021, Assault with a Deadly Weapon by Means Likely to Cause Great Bodily Injury in violation of California Penal Code § 245(A)(4), Case No. 05-201329-0;

e.  On or about October 5, 2023, Prohibited Person in Possession of Ammunition in violation of California Penal Code § 30305(A), Case No. 01-23-02953; and

f.  On or about May 5, 2025, Grossly Negligent Discharge of Firearm in violation of California Penal Code § 246.3(A), Case No. 01-24-04387.

13.    On March 22, 2026, I spoke with ATF Special Agent John Weirich, an Interstate Nexus Expert, regarding the ammunition described above for purpose of determining interstate nexus.  SA Weirich confirmed that the ammunition was manufactured outside of the State of California, indicating that it has traveled in and affected interstate and/or foreign commerce.

## CONCLUSION

14.    Based upon the above-summarized facts, there is probable cause to believe that, on or about March 10, 2026, Cristian ZAMUDIO-PULIDO violated 18 U.S.C. § 922(g)(1), in that he was a felon in possession of ammunition.  Accordingly, I respectfully request that a warrant for the arrest of Cristian ZAMUDIO-PULIDO be issued.  I declare under penalty of perjury that the above is true and correct to the best of my knowledge.

Respectfully submitted,

/s/ Timothy Crowley/SvK w/permission
TIMOTHY CROWLEY
ATF Task Force Officer

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this  22nd day of May, 2026.

HON.  SUSAN VAN KEULEN
United States Magistrate Judge

6